The opinion of the Court was delivered by
Poché, J.
This is a suit for the revival of a judgment originally rendered against D. J. Elder, alleged to have since died.
Plaintiff alleges the rendition of the judgment sought to be revived; the subsequent death of her judgment debtor; the opening of his succession, and the appointment of Tomkiss and White as his legal representatives, and the petition concludes with a prayer for citation on the succession, through its legal representatives, and for revival of the judgment described in the petition.
Citation was issued, addressed to White and Tomkiss, executors of D, J. Elder’s succession.
Defendants excepted, urging, in substance, that a suit to revive a judgment against Elder could not he brought against Isis succession, which is not the representative of the deceased; denying that they were legal representatives of Elder, who had left heirs of age, and present in the State, and urging that the citation was not addressed to them in the capacity set forth in the petition.
This exception being overruled, and defendants having filed no answer, judgment was rendered against them by default, and they have appealed.
There is no force in the position of defendants that the suit was erroneously brought against the succession. The allegations of the petition show clearly that the object of the action was to revive a judgment rendered against Elder, alleged to have subsequently died; and under the statute, the only mode of proceeding was to cite the succession through its legal representative.
The pleadings substantially comply with the requirements of the *1099 law, which provides a mode of reviving judgments, which directs the suit to be filed against the original defendant or his representative. And we are clear in our conclusion, that in cases where the succession of the deceased defendant is under administration, the curator, executor or administrator of such succession is the identical and only “ representative ” contemplated by the statute under consideration.
■ It is well settled in our jurisprudence, that the word “ representative,” as used in this statute, " simply means the agent or attorney in fact, if the defendant be living, or the executor, curator- or administrator orheir, as the case may be, if he be dead.” Chapman vs. Nelson et al., 31 An. 343.
It is also settled, and can now be considered as elementary, that all suits by or against a succession under administration, mqst be brought in the name of, or through the curator, executor or administrator, or other person entrusted with the administration of the succession.
Hence, it has been held that an appeal from a judgment rendered against a succession under administration, taken by one of the heirs of said succession, without the aid or concurrence of the administrator, could not be maintained. West vs. Davis, 34 An. 358; Audot vs. Gilly, 12 R. 325; Préjean vs. Robin, 14 An. 788.
A citation issued to a defendant as executor is a substantial compliance with a prayer for service of citation on the legal representative of a succession.
The word legal representative is a generic term, and an executor is one of the species of legal representatives.
We are at a loss to discover a difference or variance between the capacities of legal representative and executor of a deceased person.
We, therefore, conclude, that the suit was properly brought; that the citation was correctly issued, and that the District Judge did not err in overruling defendants’ exception.
But an inspection of the record shows that the only evidence introduced by plaintiff, in the confirmation of her default, was the original judgment rendered against Elder; and that she offered no proof of the death of Elder, or of the appointment and qualification of White and Tomkiss, as^the alleged legal representatives of his succession.
The textual provisions of our Code of Practice require, that in taking a judgment by default, the plaintiff must prove his demand, and that this proof is required in all cases. C. P. Art. 312. ’
. Under these plain requirements it was unquestionally incumbent on plaintiff to prove the appointment and qualification of his executors or other legal representatives. Nothing in the record shows the appointment of legal representatives to his succession. Mechanics’ Bank vs. Walton, 7 R. 451.
*1100 In default of such proof, the demand of plaintiff has not been proved, and the judgment by default was, therefore, not confirmed according to law, and is a nullity.
For these reasons, our duty is to remand the cause.
It is, therefore, ordered, that the judgment appealed from be reversed and set aside, and that this cause be remanded to the lower court, to be proceeded with according to law; all costs in both Courts, incurred after the overruling of defendants' "exception, to be paid by plaintiff.
Fenner, J., absent when the case was argued, takes no part.